IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GREGORY D CROSBY,
aka Cosby Gregory

                **Plaintiff,**

      **v.**                                            CASE NO. 09-3080-SAC

JOHN DOE REGIONAL DIRECTOR, et al.,

                **Defendants.**


<u>**O R D E R**</u>

    This matter is before the court on a civil complaint filed after plaintiff's release from the Federal Bureau of Prisons (BOP).[1] Having reviewed the record, the court liberally construes the action as one seeking relief under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and grants plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the $350.00 district court filing fee.[2]

    In this action, plaintiff claims he did not receive an adequate release gratuity upon his release from confinement, and alleges this violated 18 U.S.C. § 3624. He seeks damages including punitive damages, the court's determination of the release gratuity to which plaintiff was entitled under 18 U.S.C. § 3624, and a change in the

---

    [1]Plaintiff provides a "contacting" address in Kansas City, Kansas, but states he is homeless.

    [2]Because plaintiff was not a "prisoner" as defined by 28 U.S.C. § 1915(g) when he filed his complaint, he is not required to pay the full $350.00 district court filing fee as provided by 28 U.S.C. § 1915(b) which applies to prisoners granted leave to proceed in forma pauperis in federal court.

law. Plaintiff cites his intermittent federal confinement from four different facilities in four different states dating back to August 2007, and ending with plaintiff's release from confinement in Missouri in February 2009. The four defendants named in the complaint are the BOP Directors for the North Central, Mid-Atlantic, Southeast, and South Central regional offices. Plaintiff appears to allege defendants were involved in denying his request for a reasonable release gratuity, as well as his request to be compensated for the loss of his personal property at a Forrest City facility in Arkansas.

Section 3624 provides for a Director's allotment of suitable clothing, funds, and transportation to the prisoner's residence upon the release of a prisoner from BOP custody. The amount of money to be provided is "not more than $500, determined by the Director to be consistent with the needs of the offender and the public interest, unless the Director determines that the financial position of the offender is such that no sum should be furnished." 18 U.S.C. § 3624(d). As plaintiff documents in an attachment to his complaint, the release gratuity at issue was provided upon plaintiff's release from a Residential Re-Entry Center in Kansas City, Missouri, on February 26, 2009, via his full term release from his federal sentence. It also appears the amount of the release gratuity was determined by the Regional Director in the Southeast Regional Office in Atlanta, Georgia.

Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may

have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). *See also* Lister v. Dep't of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(stating 28 U.S.C. § 1915(e)(2)(B) applies to nonprisoner IFP proceedings); McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997)(In contrast to 28 U.S.C. § 1915A, § 1915(e) is not restricted to actions brought by prisoners)(overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007)).

There is simply nothing in § 3624 or in plaintiff's allegations to establish an enforceable property interest in funds greater than those determined by, and at the discretion of, the Regional Director.  Thus there is no factual or legal basis for any claim that plaintiff was denied due process or any right under the federal statute.  Nor are there any factual allegations involving the Regional Director of the North Central Office which is located in Kansas City, Kansas, and plaintiff's bare claim of multi-district litigation is insufficient to establish this court's jurisdiction over the three remaining defendants outside the District of Kansas.

The court thus directs plaintiff to show cause why the complaint should not be summarily dismissed because the allegations in the complaint are insufficient to state any viable claim for relief.  The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave o proceed in forma pauperis (Doc. 2) is granted, and that no $350.00 filing fee obligation is imposed by 28 U.S.C. § 1915(b)(1) because plaintiff was not a prisoner when he filed the complaint.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 27th day of May 2009 at Topeka, Kansas.


  s/ Sam A. Crow
 SAM A. CROW
 U.S. Senior District Judge