IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY D CROSBY,
aka Cosby Gregory

                      Plaintiff,

     v.                                     CASE NO. 09-3080-SAC
JOHN DOE REGIONAL DIRECTOR, et al.,

                      Defendants.

**O R D E R**

Plaintiff proceeds pro se and in forma pauperis on a civil complaint filed after plaintiff's release from the Federal Bureau of Prisons (BOP),[1] which the court has liberally construed as an action seeking relief under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff claims he did not receive an adequate release gratuity upon his release from federal confinement, and alleges this violated 18 U.S.C. § 3624. Naming four BOP regional directors as defendants allegedly involved in denying his request for a reasonable release gratuity, plaintiff seeks damages, a judicial determination of the release gratuity to which plaintiff was entitled under 18 U.S.C. § 3624, and a change in the law. Plaintiff also seeks compensation for the loss of his personal property at a Forrest City facility in Arkansas.

By an order dated May 27, 2009, the court directed plaintiff to show cause why the complaint should not be summarily dismissed as

---

[1]Although plaintiff provides a "contacting" address in Kansas City, Kansas, his latest filing with the court lists his address as a Corrections Corporation of America facility in Kansas City, Kansas.

stating no claim for relief because plaintiff's allegations presented no factual or legal basis for any claim that plaintiff was denied due process or any right under the federal statute, because this court had no jurisdiction over three BOP Regional Directors outside the District of Kansas, and because plaintiff's allegations did not involve any action by the BOP Regional Director in Kansas City, Kansas.

In response, plaintiff states he is unable to prepare a proper response and cites the loss of personal property including records related to his release gratuity, and his limited access to appropriate legal materials at the county jail where he is currently confined. Plaintiff further indicates he will need documents from BOP officials which will take months to obtain and/or review, and maintains a response from defendants is required before he can respond to the court's show cause order. Plaintiff also states he will be amending his complaint to include new claims of BOP officials violating his constitutional rights, and identifies his current claims as the loss of his personal property, the loss of his records, and "civil rights claims."

The court finds plaintiff's vague and conclusory response fully underscores why dismissal of the complaint at this early stage would be appropriate. Plaintiff may not proceed in federal court without a sufficient showing of a factual and legal basis for an actionable federal claim against one or more defendants named in the complaint. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has not done so in this case. Nor would plaintiff's conclusory allegations warrant discovery simply in the hope that plaintiff might find evidence of misconduct. Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1169

(10th Cir. 2000). The court thus concludes the complaint should be dismissed as stating no claim for relief. Because plaintiff suggests he intends to expand his claims in some manner, the court dismisses the complaint without prejudice.[2]

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 26th day of June 2009 at Topeka, Kansas.

        s/ Sam A. Crow
        SAM A. CROW
        U.S. Senior District Judge

---

[2] Although the court dismisses the complaint as stating no claim for relief, this dismissal does not count as a "strike" for purposes of the "3-strike" provision in 28 U.S.C. § 1915(g) absent a showing that plaintiff was a "prisoner" when he initiated this action.